11-914-cv
MacKenzie-Childs Ltd. v. MacKenzie-Childs

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 1ˢᵗ day of May, two thousand twelve.

PRESENT:

>   RALPH K. WINTER,
>   JOHN M. WALKER, JR.,
>   JOSÉ A. CABRANES,
>       *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MACKENZIE-CHILDS LTD., MC ACQUISITION 2008 LLC,
>       *Plaintiffs*,

MACKENZIE-CHILDS LLC, MACKENZIE-CHILDS AURORA LLC,
>       *Plaintiffs-Counter Defendants-Appellees*,

PLEASANT ROWLAND, MACKENZIE-CHILDS OF NEW YORK, LTD.,
LEE FELDMAN, MACKENZIE-CHILDS WORTH AVENUE LLC,
MC NYC LLC, MACKENZIE-CHILDS REAL ESTATE LLC,
JOHN DOE 1-5,
>       *Counter Defendants-Appellees*,

>       -v.-                                                      No. 11-914-cv

VICTORIA MACKENZIE-CHILDS, RICHARD MACKENZIE-CHILDS,
V&R EMPRISE, LLC,
>       *Defendants-Counter Claimants-Counter Defendants-Appellants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLEES:**   RICHARD D. ROCHFORD, JR. (Michael F. Orman, *of counsel*), Nixon Peabody LLP, Rochester, NY.

**FOR DEFENDANTS-APPELLANTS:**  SARAH SNYDER MERKEL (Elizabeth Ann Wolford, *on the brief*), The Wolford Law Firm LLP, Rochester, NY.

Appeal from an order of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*) entered February 1, 2010.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Defendants-appellants Victoria and Richard MacKenzie-Childs (the "appellants") appeal an order granting summary judgment in favor of plaintiff-appellees MacKenzie-Childs LLC and MacKenzie-Childs Aurora LLC (jointly, the "appellees"), declaring the appellees the rightful owners of the trademarks "MacKenzie-Childs" and "MacKenzie-Childs, Ltd.," and their derivatives (jointly, "'MacKenzie-Childs' trademark").

## *BACKGROUND*

We assume the parties' familiarity with the factual history and proceedings below. Nonetheless, we briefly summarize the pertinent facts.

In 1983, Richard and Victoria MacKenzie-Childs began making and selling ceramic goods of their own design. In 1985, they incorporated their business under the name "Victoria and Richard MacKenzie-Childs, Ltd." ("MacKenzie-Childs I"). In or around 1995, MacKenzie-Childs I decided to stop using the first names of Victoria and Richard in its logos and abandoned the trademark "Victoria and Richard MacKenzie-Childs"; after 1995, its products did not bear any mark using the first names of Victoria and Richard. Instead, MacKenzie-Childs I primarily used the trademark "MacKenzie-Childs," standing alone or as part of various logos.

In the late 1990's, MacKenzie-Childs I experienced a downturn in business, and in 2000, it was several million dollars in debt. In 2001, Pleasant Rowland purchased MacKenzie-Childs I's debt, and MacKenzie-Childs I sought bankruptcy protection. With MacKenzie-Childs I in bankruptcy, Rowland made an offer to purchase the assets of MacKenzie-Childs I. The purchase

offer was approved by the bankruptcy court, and the company was reorganized under Rowland ("MacKenzie-Childs II").[1]

Pursuant to the terms of the asset sale ("Asset Purchase Agreement"), MacKenzie-Childs I agreed to sell, *inter alia*, "All Intellectual Property . . . and all goodwill associated with the foregoing . . . ." "Intellectual Property" is defined in the Asset Purchase Agreement, in relevant part, as "all intellectual property, including, without limitation, . . . all trademarks, service marks, trade dress, logos, trade names, brand names and corporate names (including, without limitation, the name 'MacKenzie-Childs', and all derivatives thereof), together with all translations, adaptations, derivations, and combinations thereof and including all good will associated therewith, and all applications, registrations, and renewals in connection therewith."

In 2005, the appellants decided to reenter the ceramics business, and incorporated a company known as V & R Emprise, LLC.[2] The appellants allegedly used the "MacKenzie-Childs" trademark in some of its commercial activity, including referring to V & R Emprise as the "original" and "real" MacKenzie-Childs and its products as "the real MacKenzie Childs work." Upon learning of V & R Emprise's use of the "MacKenzie-Childs" trademark, MacKenzie-Childs II sent a series of letters to V & R Emprise and its distributors requesting that it refrain from using the "MacKenzie-Childs" trademark and other trademarks identical or confusingly similar to those used by MacKenzie-Childs II.

On February 22, 2006, Mackenzie-Childs II filed suit against Richard and Victoria, and V & R Emprise, LLC., claiming that the appellants were infringing upon their trademarks, and seeking an injunction prohibiting the appellants from using the name "MacKenzie-Childs."

Since the filing of the complaint, Rowland sold MacKenzie-Childs II to the appellees ("MacKenzie-Childs III"). By amended complaint dated August 18, 2008, MacKenzie-Childs III, as successors in interest to MacKenzie Childs II, sought a declaration from the District Court that they are the rightful owners of the mark "MacKenzie-Childs."[3]

---

[1] Following the completion of the sale of MacKenzie-Childs I's assets, Rowland renamed her acquisition companies MacKenzie-Childs, Ltd., and MacKenzie-Childs of New York, Ltd. The company formerly known as Victoria and Richard MacKenzie-Childs, Ltd. was renamed MC Aurora, Ltd., and the company formerly known as MacKenzie-Childs, NY, Ltd. was renamed MC Madison, Ltd. (jointly, "MacKenzie Childs II").

[2] V & R Emprise branded its products with a logo consisting of the names "Victoria and Richard" and an emblem design incorporating a torch, bearing stylized "V" and "R" initials, and the word "emprise," and a thistle (the "Emprise Logo").

[3] The original complaint by MacKenzie-Childs II also sought an injunction prohibiting the appellants from using the names "Victoria and Richard MacKenzie-Childs," "Victoria and Richard," and the Emprise Logo. The amended complaint filed by MacKenzie-Childs III, however, made no claims with respect to the

3

The appellants asserted several counterclaims contending, *inter alia*, that they own the mark "MacKenzie-Childs," and that any use of such mark by MacKenzie-Childs III constitutes infringement. Alternatively, the appellants argued that MacKenzie-Childs III does not own the "MacKenzie-Childs" trademark because MacKenzie-Childs I did not use that name and did not trademark that name, and therefore, it could not have conveyed the mark in the Asset Purchase Agreement. The appellants further claim that the appellees have violated a host of federal and state laws by using the name "MacKenzie-Childs" in connection with their goods.

Following discovery, MacKenzie-Childs III moved for summary judgment seeking a declaratory judgment that they are the owners of the "MacKenzie-Childs" trademark, as well as dismissal of the appellants' counterclaims. The District Court granted the motion in a Decision and Order dated February 1, 2010. *See MacKenzie-Childs, LLC v. MacKenzie-Childs*, No. 06-CV-6107T, 2010 WL 421126 (W.D.N.Y. Feb. 1, 2010).

On appeal, the appellants argue, *inter alia*, that the District Court erred in granting summary judgment declaring MacKenzie-Childs III the rightful owners of the "MacKenzie-Childs" trademark.

## DISCUSSION

We review *de novo* an order of a district court granting or denying summary judgment. *See, e.g.*, *Scholastic, Inc. v. Harris*, 259 F.3d 73, 81 (2d Cir. 2001); *Terwilliger v. Terwilliger*, 206 F.3d 240, 244 (2d Cir. 2000) (noting that the same standard of review applies for summary judgment motions and cross-motions). Summary judgment is warranted only upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there are genuine issues of material fact, "we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Following this review, we affirm the order of the District Court in all respects for substantially the reasons stated in its careful Decision and Order. *See MacKenzie-Childs, LLC v. MacKenzie-Childs*, No. 06-CV-6107T, 2010 WL 421126 (W.D.N.Y. Feb. 1, 2010). The record confirms that MacKenzie-Childs I identified its brand as "MacKenzie-Childs" from at least 1995 until its sale in 2001. MacKenzie-Childs I was known in the industry and among its clientele as "MacKenzie Childs," as evidenced by the numerous third-party newspaper and magazine articles included in the record. The appellants actively promoted and reinforced this trademark in its print

appellants' use of the mark "Victoria and Richard" or the Emprise Logo, and therefore we do not address the appellees' apparently abandoned claim as to the appellants' use of the mark "Victoria and Richard."

4

advertising, product brochures, fliers, press releases, company stationary, and on the internet. For example, from 1998 to 1999, MacKenzie-Childs I purchased full-page advertisements in over thirty separate weekly editions of the *New York Times Magazine* identifying its brand as "MacKenzie-Childs™." The inclusion of "TM" after "MacKenzie-Childs" demonstrates a clear intent on the part of the appellants to claim a trademark for the label. Indeed, Richard MacKenzie-Childs admitted that MacKenzie-Childs I used "MacKenzie-Childs" to identify itself as the seller of goods.

By virtue of MacKenzie-Childs I's use of the name "MacKenzie-Childs" as a trademark—that is, due to its extensive use of "MacKenzie-Childs" to brand its company and identify its products—the ownership of rights to the "MacKenzie-Childs" trademark accrued to MacKenzie-Childs I. *See, e.g.*, *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 413 (1916); *Am. Footwear Corp. v. Gen. Footwear Co., Lmt.*, 609 F.2d 655, 663–64 (2d Cir. 1979).

When MacKenzie-Childs I entered into the Asset Purchase Agreement with MacKenzie-Childs II in 2001, it agreed to convey to MacKenzie-Childs II "all intellectual property, including, without limitation, . . . all trademarks, service marks, trade dress, logos, trade names, brand names and corporate names (including, without limitation, the name 'MacKenzie-Childs,' and all derivatives thereof), together with all translations, adaptations, derivations, and combinations thereof and including all good will associated therewith, and all applications, registrations, and renewals in connection therewith." The Asset Purchase Agreement clearly conveyed the "MacKenzie-Childs" trademark.

The appellants' actions following Rowland's acquisition of MacKenzie-Childs I confirm their understanding that the "MacKenzie-Childs" trademark had been conveyed to MacKenzie-Childs II. After the bankruptcy court approved the acquisition, Richard MacKenzie-Childs wrote to Rowland and confirmed, "[y]ou now own our company in facility, name and all design copyright." Thereafter, the appellants issued a written public announcement stating that "their last name" was now "in the hands of another, entirely separate entity." Indeed, when they filed for personal bankruptcy in 2002, the appellants checked "None" for the category entitled "[p]atents, copyrights, and other intellectual property."

MacKenzie-Childs II, in turn, conveyed the "MacKenzie-Childs" trademark to MacKenzie-Childs III in 2008. Accordingly, MacKenzie-Childs III is the rightful owner of the "MacKenzie-Childs" trademark, and the District Court did not err in granting a declaratory judgment to that effect.

***CONCLUSION***

We have considered all of the appellants' arguments on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk